### HARRISON v. WEIR.

(Supreme Court, Appellate Division, First Department. January 17, 1902.)

APPEAL—AUTHORITY TO GRANT.

Under Code Civ. Proc. § 1344, providing that where an appeal from an inferior court is heard in the supreme court the justices determining such appeal may allow a further appeal to the appellate division, the justices who hear the appeal must grant the further appeal as justices, and not as a court, and it cannot be authorized by a justice not participating in the determination.

Appeal from appellate term.

Action by Roger T. Harrison against Levi C. Weir, as president of the Adams Express Company. From a judgment of the appellate term in favor of plaintiff (69 N. Y. Supp. 957), the defendant appeals. Motion to dismiss appeal denied.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. H. Brown, for the motion.

R. R. Rogers, opposed.

PER CURIAM. Section 1344 of the Code provides that in case an appeal is heard by a justice or justices of the supreme court, as hereinbefore provided, the justice or justices by whom such appeal was determined may allow an appeal to be taken to such appellate division from such determination. This provision clearly requires that the justices who heard the appeal, as such justices, may allow an appeal to be taken to the appellate division from such determination. This necessarily requires that the justices should act as such justices, and not as a court, and the order should be signed precisely the same as any order which is made out of court. Of course, under the provisions of the law, a majority of the justices, upon application to the whole, may allow an appeal. The order in this case does not conform to this provision. The allowance of the appeal is not signed by the justices who heard the appeal or any of them as such, and consequently does not comply with the rule.

The motion to dismiss the appeal will not be granted, but an opportunity will be given to the appellant to perfect his papers.